| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF RICHLAND<br><br><br>Michael Niermeier,<br><br>       Plaintiff,<br><br>v.<br><br>Richland County Government,<br><br>       Defendant. | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT<br><br><br>**SUMMONS**<br>**(Jury Trial Demanded)** |

TO THE DEFENDANT ABOVE NAMED:

  YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

                 **CROMER BABB PORTER & HICKS, LLC**
                 BY: s/ *Elizabeth Millender*
                   Elizabeth Millender (#104204)
                   Post Office Box 11675
                   Columbia, South Carolina 29211
                   Phone: 803-799-9530
                   Fax:  803-799-9533
                   elizabeth@cbphlaw.com
                ***Attorney for Plaintiff***

August 26, 2022
Columbia, South Carolina

ELECTRONICALLY FILED - 2022 Aug 26 2:12 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4004424

ELECTRONICALLY FILED - 2022 Aug 26 2:12 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4004424

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF RICHLAND<br><br><br>Michael Niermeier,<br><br>        Plaintiff,<br><br>v.<br><br>Richland County Government,<br><br>        Defendant. | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT<br><br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

## EMPLOYMENT CASE

Plaintiff, complaining of the Defendant, respectfully alleges the following:

## PARTIES & JURISDICTION

1. Plaintiff, Michael Niermeier, is a citizen and resident of Lexington County, South Carolina.

2. Defendant, Richland County Government ("Defendant"), is a county government entity in South Carolina.

3. The Parties have sufficient connections to Richland County, South Carolina, because this is where Defendant employed Plaintiff and where the events at issue occurred. Thus, jurisdiction and venue are proper.

4. Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. ("Title VII") and South Carolina law.

5. Plaintiff exhausted his administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff received his Notice of Right to Sue, and this action is timely.

ELECTRONICALLY FILED - 2022 Aug 26 2:12 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4004424

6. This Court can exercise subject matter jurisdiction over these claims.

## FACTUAL ALLEGATIONS

7. Plaintiff (white male) is a retired U.S. Marine, having served for over twenty years.

8. Plaintiff was employed by Defendant as a Capital Projects Program Manager and later received the job title of Director of Transportation.

9. At all times, Plaintiff performed the functions of his job in a competent, if not more than competent, manner.

10. Plaintiff has no history of any workplace discipline or poor performance.

11. John Thompson (black male) was Plaintiff's direct supervisor.

12. At the time of Plaintiff's hire, John Thompson was Defendant's Interim County Administrator.

13. Thompson was later moved to the position of Assistant County Administrator

14. Leonardo Brown (black male) was hired as Defendant's County Administrator in July 2019 and was Thompson's direct supervisor.

15. Thompson regularly treated Plaintiff, and other white employees, worse than he treated black employees in comparable positions.

16. Thompson would regularly berate, belittle, chastise, and otherwise treat Plaintiff in an unacceptable and disrespectful manner in front of Plaintiff's peers and subordinates.

17. Thompson encouraged the black employees who reported to Plaintiff to disregard Plaintiff's authority and to come to him with any issues they may have.

18. Plaintiff experienced significant issues with one subordinate, Nathaniel Miller (black male).

19. Miller refused to follow Plaintiff's instructions, spoke to Plaintiff in a disrespectful manner, and consistently undermined Plaintiff's ability to perform his job duties.

20. Plaintiff attempted to discipline and terminate Miller.

21. Thompson prevented Plaintiff from doing so because Miller is a black male.

22. Thompson encouraged and enabled Miller's behavior because Miller is a black male.

23. Thompson prevented Plaintiff from issuing progressive discipline to any black employees.

24. Plaintiff complained to Defendant's Human Resources department that he was being subjected to a racially hostile work environment and that he was suffering from discrimination stemming from Thompson and Brown.

25. Plaintiff specifically requested to file a grievance regarding Thompson's racially hostile and harassing conduct in June 2019.

26. Defendant's Human Resources advised Plaintiff that he could file a grievance against Thompson, but influenced Plaintiff to instead allow Brown to remedy the situation with Thompson

27. Plaintiff elected to allow Brown an opportunity to remedy the situation with Thompson.

28. Brown took no action against Thompson and did nothing to improve the situation.

29. Instead, Brown encouraged, validated, and participated in the discriminatory actions of Thompson.

30. Brown failed to respond in a reasonable manner to protect Plaintiff from the discriminatory actions of Thompson and the racially hostile work environment.

31. Thompson and Brown were aware that Plaintiff complained to Defendant's Human Resources Department about discrimination and a hostile working environment.

32. Defendant did nothing to protect Plaintiff from the discrimination and racially hostile work environment that he was being subjected to.

33. The racially hostile and discriminatory treatment from Thompson and/or Brown only worsened after Plaintiff's complaint.

34. Plaintiff was terminated on June 23, 2021, by Brown and Thompson.

35. Plaintiff was not given any progressive discipline, as prescribed by Defendant's policies.

36. Plaintiff was told that he was terminated because he did not possess the qualification of being a Professional Engineer.

37. Defendant's reason for termination is pretext for racial discrimination and retaliation.

38. Defendant did not require a Professional Engineer qualification at the time of Plaintiff's hire as the Director of Transportation, or for several months thereafter.

39. Such qualification is not necessary to successfully execute the duties of the position.

40. Thompson, who did not possess the Professional Engineer qualification, was the previous Director or Transportation.

41. Instead of being terminated for lacking the Professional Engineer qualification, Thompson was promoted.

42. Thompson and Brown informed some of Plaintiff's peers and subordinates of his termination before the termination occurred.

ELECTRONICALLY FILED - 2022 Aug 26 2:12 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4004424

43. Thompson and Brown communicated to many of Plaintiff's peers and subordinates that Plaintiff was justifiably terminated, that Plaintiff was not correctly executing the duties of his job, and that Plaintiff had engaged in unprofessional behavior.

44. These allegations are false.

45. In the days following Plaintiff's termination, a number of news outlets published articles with headlines that referenced Plaintiff's termination.

46. Upon information and belief, Defendant communicated with various news outlets with allegations that Plaintiff had been justifiably terminated from his position.

47. Defendant's allegations to news outlets that Plaintiff had been justifiably terminated from his position caused the news outlets to publish articles and headlines asserting the same.

48. These allegations are false.

**FOR A FIRST CAUSE OF ACTION**
**(Violations of Title VII - Race Discrimination)**

49. Plaintiff realleges the foregoing where consistent.

50. Plaintiff is a member of a protected class based on his race.

51. Plaintiff met the legitimate performance expectations of his job.

52. Plaintiff was held to a stricter standard than his black peers.

53. Plaintiff was subjected to harassment, disparate treatment, and a racially hostile work environment as a result of the discriminatory and harassing behavior that his supervisors engaged in and permitted because of his race.

54. Plaintiff suffered harassment, disparate terms and conditions of employment, and termination. These adverse employment actions were motivated by his race in violation of Title VII.

ELECTRONICALLY FILED - 2022 Aug 26 2:12 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4004424

55. The above actions amount to unlawful race discrimination prohibited by Title VII of the Civil Rights Act of 1964, The Civil Rights Act of 1991 and amendments thereto and is the proximate cause of the Plaintiff's loss of earnings, loss of prospective earnings and benefits, embarrassment, humiliation and mental anguish, personal injury, and mental suffering for which the Plaintiff is entitled to the awards of actual damages as well as reasonable attorney's fees and costs of this proceeding.

**FOR A SECOND CAUSE OF ACTION**
**(Violations of Title VII - Retaliation)**

56. Plaintiff realleges the foregoing where consistent.

57. Plaintiff engaged in protected activities when he contacted Defendant's Human Resources Department to complain of race-based discrimination, including disparate treatment, harassment, and hostile work environment.

58. Defendant and its relevant decisionmakers were on notice of Plaintiff's protected activities when it took adverse employment action against Plaintiff.

59. Plaintiff suffered harassment, hostile work environment, disparate terms and conditions of employment, and termination. These adverse employment actions were because of Plaintiff's protected activities under Title VII.

60. The above amounts to unlawful retaliation prohibited by Title VII of the Civil Rights Act of 1964, The Civil Rights Act of 1991 and amendments thereto and is the proximate cause of the Plaintiff's loss of earnings, loss of prospective earnings and benefits, embarrassment, humiliation and mental anguish, personal injury, and mental suffering for which the Plaintiff is entitled to the awards of actual damages as well as reasonable attorney's fees and costs of this proceeding.

ELECTRONICALLY FILED - 2022 Aug 26 2:12 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4004424

## FOR A THIRD CAUSE OF ACTION
### (Defamation)

61. Plaintiff realleges the foregoing where consistent.

62. Plaintiff is not a public figure.

63. Defendant defamed Plaintiff by asserting to Plaintiff's peers and subordinates that Plaintiff was justifiably terminated, that Plaintiff had not properly executed the duties of his job, and that Plaintiff engaged in unprofessional behavior.

64. Defendant additionally defamed Plaintiff by asserting to various news outlets that Plaintiff was justifiably terminated, which led to the publication of news stories and headlines asserting the same.

65. The third-party recipients of Defendant's defamatory statements did not have a need to know basis.

66. Defendant's accusations were false, known to be false, and made with malice.

67. Defendant's accusations impugned Plaintiff's professional aptitude and are thus defamatory *per se*.

68. Defendant's accusations amount to unlawful defamation for which Defendant is liable.

69. As a direct and proximate result of the defamatory conduct, Plaintiff has suffered reputational loss, been embarrassed, humiliated, and has sustained mental anguish. Plaintiff is entitled to an award of actual damages against Defendant, including damages for emotional pain and suffering, in amounts to be determined by a jury. Plaintiff is further entitled to an award of reasonable attorney's fees and costs for this action.

ELECTRONICALLY FILED - 2022 Aug 26 2:12 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4004424

## FOR A FOURTH CAUSE OF ACTION
**(Negligent Supervision)**

70. Plaintiff realleges the foregoing where consistent.

71. The Defendant owed Plaintiff a legal duty to act with due care in supervising Plaintiff's supervisors.

72. That duty arose out of Plaintiff's protected property interests in his continued employment and reputation and its general duty to supervise its employees with due care.

73. At the times of Thompson's bad acts toward Plaintiff, as described above, Thompson was employed by Defendant as Assistant County Administrator and was Plaintiff's immediate supervisor.

74. Defendant had the means to control Thompson's conduct.

75. Defendant was on notice of Thompson's bad acts and conduct amounting to concerns severe enough that Plaintiff repeatedly complained to Defendant's Human Resources Department as well as Brown, Defendant's County Administrator and Thompson's supervisor.

76. Defendant, as Plaintiff's employer, owed a clear duty to Plaintiff to fully and completely conduct an investigation into Plaintiff's concerns reported to Defendant on numerous occasions.

77. Defendant breached its duty by failing to hear Plaintiff's complaints, failing to investigate, failing to take action to address Thompson's conduct, and by otherwise failing to take reasonable action to protect Plaintiff from the harassing and harmful actions of Thompson, including Plaintiff's termination.

78. Defendant knew or should have known of the necessity and opportunity to exercise control over Thompson.

ELECTRONICALLY FILED - 2022 Aug 26 2:12 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4004424

79. As a result of this negligence, Plaintiff is entitled to recover from the Defendant damages for: diminished earning capacity, lost income, diminished benefits, lost employment opportunity, and reputational loss. Plaintiff is additionally entitled to pre-judgment interest.

80. These damages do not include any damages which might be compensable under the South Carolina Worker's Compensation Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant for an award of actual and compensatory damages in amounts to be determined by a jury as well as reasonable attorney's fees, costs of this action, and any such other relief as this Court deems just and proper.

**CROMER BABB PORTER & HICKS, LLC**
BY: s/ *Elizabeth Millender*
Elizabeth Millender (#104204)
Post Office Box 11675
Columbia, South Carolina 29211
Phone: 803-799-9530
Fax:  803-799-9533
elizabeth@cbphlaw.com
***Attorney for Plaintiff***

August 26, 2022
Columbia, South Carolina

## AFFIDAVIT OF SERVICE

State of South Carolina    County of Richland    Common Pleas Court

Case Number: 2022-CP-40-04424

Plaintiff:
**Michael Niermeier**

vs.

Defendant:
**Richland County Government**

For:
Cromer Babb Porter & Hicks, LLC
1418 Laurel St.
Suite A
Columbia, SC 29201

Received by Palmetto Legal Gophers, LLC to be served on **Richland County Government c/o Leonardo Brown, County Administrator, 2020 Hampton St, Ste 4069, Columbia, SC 29204**.

I, Ron Grossberg, being duly sworn, depose and say that on the **31st day of August, 2022** at **3:06 pm**, I:

served a **GOVERNMENT AGENCY** by delivering a true copy of the **Letter; Summons; Complaint** to: **Leonardo Brown** as **County Administrator** for **Richland County Government c/o Leonardo Brown, County Administrator**, and informed said person of the contents therein, in compliance with State Statutes.

**Description** of Person Served: Age: 40, Sex: M, Race/Skin Color: Black, Height: 5'9", Weight: 160, Hair: Black, Glasses: Y

I certify that I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on the 31st day of August, 20 22 by the affiant who is personally known to me.

_Kristin Ann Patterson_
NOTARY PUBLIC
EXP. DATE _____

KRISTIN ANN PATTERSON
Notary Public, State of South Carolina
My Commission Expires
November 15, 2026

Ron Grossberg

Palmetto Legal Gophers, LLC
www.palmettolegalgophers.com
PO Box 6108
Columbia, SC 29260
(803) 216-1621

Our Job Serial Number: LPW-2022001771

Copyright © 1992-2022 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2m

