

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| MICHAEL NIERMEIER,  §  <br>  Plaintiff,  § <br> § <br> vs.  §    Civil Action No.: 3:22-3378-MGL <br> § <br> RICHLAND COUNTY GOVERNMENT,  § <br>  Defendant.  § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AND REMANDING CASE TO STATE COURT**

Plaintiff Michael Niermeier (Niermeier) brought this action in the Richland Court of Common Pleas against Defendant Richland County Government (Richland County), alleging racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. (Title VII), as well as state law claims for defamation and negligent supervision. Richland County removed the matter to this Court.

This matter is before the Court for review of the Report and Recommendation of the Magistrate Judge (Report) recommending the Court grant Richland County's motion for summary judgment. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge issued the Report on December 11, 2023.  Niermeier objected on January 8, 2024, and Richland County replied on January 22, 2024.

Niermeier, a white employee, alleges Richland County terminated him from his position as director of the transportation department (the department) because of his race and in retaliation for engaging in protected activity.  Richland County claims it terminated him because the decisionmaker, Leonardo Brown (Brown), wanted someone with a professional engineer (PE) license, which Niermeier lacked.

Niermeier contends the record supports his allegation Brown failed to mention he wanted a PE certified individual for Niermeier's position for more than a year preceding Niermeier's termination.  Richland County maintains there are several examples in the record showing Brown conveyed his preference in the year before Niermeier's termination.

For example, in an email from Niermeier to Brown, sent about ten months before Niermeier's termination, Niermeier wrote: "I understand, from [Assistant County Administrator John] Thompson, that you would like to put a [PE] in the director position.  I can understand that.  However, I don't believe this is necessary at this point[.]"  August 6, 2020 Email From Niermeier to Brown.

In fact, the record shows Brown repeatedly expressed his preference for a PE certified individual for Niermeier's position, including in the year preceding the termination.  The Court will thus overrule this objection.

Niermeier also posits he can rebut Brown's testimony as to why it took more than two years to terminate him "to enact his alleged plan to replace [Niermeier] with a [PE,]" and thus establish pretext. Objections at 14 (emphasis omitted). Richland County argues Brown has explained his decision in detail and Niermeier's contentions fail to suggest pretext.

As the Magistrate Judge explained, Brown provided four reasons for his delay in terminating Niermeier. First, he wanted to give Niermeier an opportunity to seek alternative employment. To this, Niermeier posits the explanation is belied by Brown's failure to give him notice of his termination in the days and weeks leading up to it.

Second, the department had recently undergone changes Brown needed to weather—namely, it took over management of the billion-dollar Penny Transportation Program. Niermeier believes taking two years after taking over the Penny Transportation Program is implausible. In fact, he argues, the changes should have motivated Richland County to make personnel changes more quickly, if they were indeed necessary.

Third, COVID-19 had caused significant delays and disruptions. In response, Niermeier points out his termination was eighteen months into the COVID-19 crisis. Fourth, a Richland County council member with significant knowledge of the department's programming had died during that time. Similarly, Niermeier counters the council member died nearly a year before his termination.

Nevertheless, Niermeier's speculation as to the wisdom of Brown's rationale is insufficient to create a genuine issue of material fact as to pretext. *See also Jiminez v. Mary Washington Coll.*, 57 F.3d 369, 383 (4th Cir. 1995) ("The crucial issue in a Title VII action is an unlawfully discriminatory motive for a defendant's conduct, not the wisdom or folly of its business judgment.").

The Court will therefore also overrule this objection.

Further, Niermeier insists the Magistrate Judge improperly dismissed a genuine issue of material fact as to whether a PE License was required to execute the duties of Niermeier's position. Richland County maintains Brown's rationale for wanting a PE licensed individual is supported by the circumstances.

When Richland County terminated Niermeier, it replaced him with Michael Maloney (Maloney) as interim Transportation Director. Maloney, who is white and has a PE certification, still serves in that role. This indicates Brown's preference for a PE certified person to fill the role was non-pretextual. Again, the Court is unauthorized to question the wisdom of employers' business decisions. *DeJarnette v. Corning Inc.*, 133 F.3d 293, 299 (4th Cir. 1998) (reasoning the Court "does not sit as a kind of super-personnel department weighing the prudence of employment decisions made by firms charged with employment discrimination." (citation omitted) (internal quotation marks omitted)).

Thus, the Court will overrule this objection, as well.

Next, Niermeier contends his evidence of preferential treatment of a Black employee supports an inference of pretext. Richland County avers the Black employee is an inappropriate comparator and reiterates Niermeier's replacement was white.

The Court agrees with Richland County its choice of Maloney to replace Niermeier undermines Niermeier's assertion of pretext. Indeed, the salient distinction between Maloney and Niermeier is not their race, which is the same, but Maloney's PE license.

The Court will thus overrule this objection, too.

Moreover, Niermeier maintains the temporal proximity between his protected activity and his termination supports his assertion of pretext as to his retaliation claim. Richland County posits

4

Niermeier's thwarted attempts to terminate a subordinate and subsequent complaints regarding his superiors' refusal to terminate the individual fail to constitute protected activities.

"Title VII protects the right of employees to oppose any 'unlawful employment practice' under Title VII. 42 U.S.C. § 2000e–3 (2003). Employees are thus guaranteed the right to complain to their superiors about suspected violations of Title VII." *Bryant v. Aiken Reg'l Med. Centers Inc.*, 333 F.3d 536, 543–44 (4th Cir. 2003).

Niermeier fails to articulate any suspected violation of Title VII his complaints address. Indeed, the June 18, 2021, email to which he cites protests another employee is allowed to remain despite having criticized Niermeier's leadership. This is unprotected under Title VII. He has thus failed to show he engaged in a protected activity in temporal proximity to his termination.

The Court will thus overrule this objection, as well. Because the Court will overrule all objections pertaining to Niermeier's Title VII claims, it will grant summary judgment as to those claims.

Niermeier argues if the Court dismisses his federal law claims, it should refrain from exercising supplemental jurisdiction as to his state law claims and remand the matter to state court. Richland County emphasizes the matter is discretionary and urges the Court to rule on all claims based on the resources already expended on this case.

As per 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all . . . claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

The Court can decline to exercise supplemental jurisdiction over a plaintiff's state law claims, however, once it "has dismissed all claims over which it has original jurisdiction." *Id.* And, the Court has "wide discretion" to do so. *Yashenko v. Harrah's NC Casino Co.*, 446 F.3d

541, 553 n.4 (4th Cir. 2006) (citation omitted). "There are *no* situations wherein a federal court *must* retain jurisdiction over a state law claim, which would not by itself support jurisdiction." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

The Supreme Court has long held "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (footnote omitted). "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.* (footnote omitted).

The Supreme Court, however, later made clear this statement fails to establish a mandatory rule to be applied, without any flexibility, in all cases. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("The statement simply recognizes that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

The Court will briefly address each of those considerations. Concerning the judicial economy factor, discovery and briefing on Niermeier's state claims are complete. Only minor changes to the parties' summary judgment submissions regarding the state claims will be required before filing them in state court.

Either this Court or the state court will be required to rule on Richland County's motion for summary judgment as to Niermeier's state claims; and if the decision is to deny summary judgment on any of those claims, the denying court will be required to try the case, if the parties are unable to settle. The Court assumes each court would take the same amount of time to complete

these tasks.  Thus, the Court is unable to say the judicial economy consideration factor weighs in favor of either its exercising or declining to exercise supplemental jurisdiction over Niermeier's state claims.

As to the convenience to the parties, it would appear to fail to cause Richland County any inconvenience to litigate this matter in its local state court, the Richland County Court of Common Pleas.

In respect to the fairness question, it is totally fair to allow Niermeier to have his state claims considered in the court in which he filed them.  Richland County has failed to establish that forum is unfair to it.  As such, the fairness factor also favors the Court declining to exercise supplemental jurisdiction over Niermeier's state claims.

Concerning the comity consideration, had this case had only state claims, Richland County would have been unable to remove it to this Court.  Supplemental jurisdiction allowed that, when those state claims were coupled with Niermeier's federal claims.  But, those federal claims are now gone.  All that remains are Niermeier's state claims.  The Court is of the firm opinion South Carolina has a strong interest in adjudicating those state claims in state court.

Further, the state appellate court can correct any error a state trial court makes in applying state law.  But, it is unable to correct an error a federal district court or court of appeals might make in their consideration of a state law claim.

The Court also notes: absent from the record is any evidence or even suggestion there exists any underlying issues of federal policy favoring the Court exercising supplemental jurisdiction over Niermeier's state claims.  Consequently, for all these reasons, the comity consideration also supports the Court declining to exercise supplemental jurisdiction over Niermeier's state law claims.

The Fourth Circuit has suggested the Court can consider additional factors when deciding whether to exercise supplemental jurisdiction. *Cahill*, 58 F.3d at 110 ("Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy.").

Thus, the Court has also given weight to Niermeier's choice of forum in deciding whether to exercise supplemental jurisdiction over his state law claims. *See Voda v. Cordis Corp.*, 476 F.3d 887, 904 (Fed. Cir. 2007) (noting the plaintiff's choice of forum is a factor in considering the exercise of supplemental jurisdiction).

Niermeier filed this case in the Richland County Court of Common Pleas, his obvious choice of forum for this lawsuit. He also requests the Court remand it there for consideration of his state law claims. Therefore, this consideration also weighs in favor of the Court refraining from exercising supplemental jurisdiction over his state law claims.

In sum, the Court is of the firm opinion it should decline to exercise supplemental jurisdiction over Niermeier's state law claims. In other words, the Court thinks a state court, rather than a federal one, should consider Niermeier's state claims. Thus, for all these reasons, the Court will sustain Niermeier's objection to the Court's exercising supplemental jurisdiction over his state law claims. As such, it will deem as moot Niermeier's objections concerning the merits of his state claims.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections as to Niermeier's federal claims, deems as moot his objections regarding his state claims, adopts the Report to the extent it is not contradicted by this Order, and incorporates it herein. Therefore, it is the judgment of the Court Richland County's motion for summary judgment is **GRANTED IN PART** as to Niermeier's federal claims. But,

the Court will decline to exercise supplemental jurisdiction over Niermeier's state claims. Consequently, those claims are **REMANDED** to the Richland County Court of Common Pleas for adjudication there.

    **IT IS SO ORDERED**.

    Signed this 4th day of April 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
